UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

REGINALD NAUGHTON,

                              Plaintiff,

              v.

LOCAL 804 UNION, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, EDDIE
VILLALTA, MARK JOHNSON, UNITED PARCEL
SERVICE, JOHN REINWALD, and DAN DALY,

                              Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
18-CV-2830 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Reginald Naughton, proceeding *pro se*, commenced the above-captioned action

against the Local 804 Union (the "Local 804"), International Brotherhood of Teamsters ("IBT"),

Eddie Villalta, Mark Johnson, United Parcel Service ("UPS"), John Reinwald, and Dan Daly on

May 15, 2018, pursuant to section 8 of the National Labor Relations Act, 29 U.S.C. § 151 *et.*

*seq.*, ("NLRA"), section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185

("LMRA"), 42 U.S.C. § 1983, the applicable collective bargaining agreements, section 10 of the

Federal Arbitration Act, 9 U.S.C. § 10(a)(1) (the "FAA"), alleging unlawful discharge and unfair

labor practices, as well as section 1001 of the federal criminal laws, 18 U.S.C. § 1001(a), and a

state law fraud claim.  (Compl., Docket Entry No. 1.)  Plaintiff filed an Amended Complaint on

June 19, 2018, with almost identical claims.[1]  (Am. Compl., Docket Entry No. 19.)  The Court

grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 for

the purpose of this Memorandum and Order.

---
[1] Plaintiff did not replead the section 1983 claim asserted in his original Complaint.

Currently before the Court are separate motions to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted by UPS, Reinwald, and Daly (collectively, the "UPS Defendants"), and Local 804, IBT,[2] Villalta, and Johnson,[3] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also before the Court is Plaintiff's motion to amend the Amended Complaint.[4] Plaintiff opposes Defendants' motions.[5] For the reasons set forth below, the Court dismisses the Amended Complaint and denies Plaintiff's motion for leave to file the proposed second amended complaint. The Court grants Plaintiff leave to file a corrected, proposed second amended complaint within thirty (30) days of this

---

[2] Although Plaintiff names IBT as a Defendant, Plaintiff fails to include any allegations as to any conduct by IBT in the Amended Complaint. The Court therefore dismisses without prejudice Plaintiff's claims against IBT. *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("It is well settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that Defendant should be granted." (citations and internal quotations omitted)); *see also Bleiwas v. City of New York*, No. 15-CV-10046, 2017 WL 3524679, at *8 (S.D.N.Y. Aug. 15, 2017) (same); *McCoy v. Goord*, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003) (same).

[3] The Court also dismisses Plaintiff's claims against Villalta and Johnson. It is well-settled that no individual liability exists for a breach of a union's duty of fair representation. *See Morris v. Local 819, Int'l Bhd. of Teamsters*, 169 F.3d 782, 784 (2d Cir. 1999) ("We now join the other circuits that have considered the issue and hold that [the Labor Management Relations Act,] 29 U.S.C. § 185(b)[,] and the caselaw provide a shield of immunity for individual union members in suits for breach of the duty of fair representation."); *see also Clemmons v. Hodes*, No. 15-CV-8975, 2017 WL 4326111, at *14 (S.D.N.Y. Sept. 26, 2017) (dismissing claims against individual union defendants because there is no individual liability for union members for the breach of duty of fair representation).

[4] Local 804, IBT, Villalta, and Johnson Mot. to Dismiss ("Local 804 Mot."), Docket Entry No. 28-1; Local 804's Mem. of Law in Supp. of Local 804 Mot. ("Local 804 Mem."), Docket Entry No. 28; UPS, Reinwal, and Daly Mot. to Dismiss ("UPS Mot."), Docket Entry No. 30; UPS Mem. in Supp. of UPS. Mot. ("UPS Mem."), Docket Entry No. 30-1.); Pl. Mot. to Amend ("Pl. Mot."), Docket Entry No. 35.

[5] Pl. Opp'n to Local 804 Mot. and UPS Mot. ("Pl. Opp'n"), Docket Entry No. 30-4.)

Memorandum and Order.

## I. Background

The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order. In light of Plaintiff's *pro se* status, the Court also considers and assumes the truth of the factual allegations in Plaintiff's opposition and supplemental opposition.[6]

Plaintiff was an employee of UPS and a member of Local 804, a chapter of the International Brotherhood of Teamsters. (Am. Compl. 4–5.) Defendants are Plaintiff's former employer, union, and individual co-workers and other union members. (*Id.* at 2–4.) Defendants Villalta and Johnson are the President and Business Agent of Local Union 804, respectively. (*Id.* at 2–3.) Defendants Reinwald and Daly serve as a Division Manager and Labor Manager of UPS, respectively. (*Id.* at 3–4.)

In or about August of 1996, UPS hired Plaintiff as a pre-loader assigned to the Foster Avenue facility. (*Id.* at 4.) In or about October of 2005, UPS promoted Plaintiff to a full-time driver. (*Id.*)

At some point during his employment, Local 804 and Villalta "promised [union] members upon being elected into office to serve as their union president" and that their "'top priority is to provide the best possible representation for each and every member of local 804.'" (*Id.* 5–6.) This promise was made "[i]n exchange for the members voting [Villata] in and paying

    [6] *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (finding that district courts may consider factual allegations made by a *pro se* party in his papers opposing a motion to dismiss); *see also Trisvan v. Heyman*, 305 F. Supp. 3d 381, 389 (E.D.N.Y. 2018) (same).

union dues each pay period for that representation."[7]  (*Id*. at 6.)

On April 6, 2017, UPS terminated Plaintiff for tardiness.  (*Id*.)  Plaintiff alleges that his discharge was "without just cause" and in violation of Article 12, sections 1 and 2 of the Local Agreement[8] and the LMRA.  (*Id*.)  Plaintiff also alleges that, on April 10, 2017, after he was terminated, UPS issued him "another notice of discharge for (unproven) dishonesty" in violation of Article 12, sections 1 and 2[9] of the Local Agreement and the LMRA.  (*Id*.)  Plaintiff did not admit to being dishonest and UPS did not provide evidence of dishonesty.  (*Id*.; Pl. Opp'n to UPS Mot. 2.)

After Plaintiff's termination, Local 804 filed a grievance with UPS on Plaintiff's behalf. (Local 804 Grievance Form, annexed to the declaration of Christopher S. Baluzy ("Baluzy Decl.") as Ex. C, Docket Entry No. 28-5.)  After unsuccessful resolution between the Local 804 and UPS, Local 804 submitted Plaintiff's grievance to the UPS/Local 804 Panel (the "Panel") for

---

[7]  Plaintiff does not include any further details as to this alleged promise, including when the promise was made.

[8]  During all relevant times, UPS and IBT were parties to a National Master Agreement ("NMA"), to which Local 804 was also bound.  (Local 804 Mem 3; UPS Mem. 2.)  UPS and Local 804 were also parties to a local supplemental agreement to the NMA (the "Local Agreement"), which was in effect during all relevant times.  (Local 804 Mem. 3; UPS Mem. 2.) Plaintiff's employment was covered by the NMA and the Local Agreement.  (Local 804 Mem. 3.)

[9]  Article 12, section 1 of the Local Agreement provides in pertinent part that "drinking, or proven or admitted dishonesty" "shall be causes for immediate suspension or discharge of an employee."  (Local Agreement 224.)  Article 12, section 2 provides in pertinent part that "[f]or non-cardinal infractions, the employee shall be allowed to remain on the job consistent with Article 7 of the [NMA], without loss of pay unless and until the discharge or suspension is sustained under the grievance procedure."  (*Id*.)

a final and binding determination.[10]  (Local 804 and UPS Grievance Panel Grievance Filing

Form ("Panel Grievance Filing Form"), annexed to Baluzy Decl. as Ex. D, Docket Entry No. 28-

6.)

On July 25, 2017, the Panel conducted a hearing, denied the grievance, and upheld

Plaintiff's termination.  (Grievance Panel Decision ("Panel Decision"), annexed to Baluzy Decl.

as Ex. E, Docket Entry No. 28-7.)  Plaintiff alleges that on or about "June or July 25, 2017,"

Local 804 breached its "duty to fairly represent" him by "failing to process" his grievance and by

failing to mention during their opening statement that UPS violated "Plaintiff's right to remain

on the job with pay pending his Arbitration."  (Am. Compl. 5; Pl. Opp'n 2.)  Plaintiff also alleges

that Local 804 failed to invoke Article 7[11] of the NMA and that "his employer failed to file a

complaint against [Local 804] for failing to negotiate in good faith."  (Am. Compl. 5; Pl. Opp'n

2.)

By letter dated August 25, 2017 and addressed to Mark Johnson, Plaintiff requested "a

complete transcript of [his] arbitration . . .[,] evidence [his] union along with the company

present[ed] during the investigation," and "the arbitrator's full name and written response to the

---

[10]  Under Article 18(c) of the Local Agreement, grievances which cannot be settled
between the parties may be submitted for a binding determination upon written notice.  (Local
Agreement 245–46.)

[11]  Article 7 of the NMA provides in pertinent part that an "[a]uthorized representative[]
of the Union may file grievances alleging violation of this [CBA], under local grievance
procedure, or as provided herein."  (NMA 20.)  It also provides that, "[e]xcept in cases involving
cardinal infractions under the applicable Supplement, Rider or Addendum, an employee to be
discharged or suspended shall be allowed to remain on the job, without loss of pay unless and
until the discharge is sustained under the grievance procedure."  (*Id.*)

case."[12]  (Letter to Mark Johnson, annexed to Baluzy Decl. as Ex. F., Docket Entry No. 28-8.) Plaintiff alleges that, on or about August 31, 2017, Local 804 breached its "duty to fairly represent" him by both "failing to invoke Article 7, of the [NMA]," and "failing to process" his grievance.  (Am. Compl. 5.)

On or about January 2, 2018, Plaintiff filed an unfair labor practice charge with the National Labor Relations Board ("NLRB") against Local 804 for refusing to provide the documents he requested.  (*Id*. at 6–7.)  On or about February 9, 2018, Local 804 provided the documents to Plaintiff and Plaintiff withdrew his January 2, 2018 NLRB charge.  (*Id*. at 7.)

On or about May 8, 2018, Plaintiff "discovered that [Local 804] breached its duty of fair representation after the Plaintiff discovered that [Local 804] had failed to produce all the requested documents" to him.  (*Id*.)  Plaintiff filed another unfair labor practice charge with the NLRB against Local 804 for breaching its duty of fair representation.[13]  (*Id*.)

On May 11, 2018, Plaintiff filed a charge with the NLRB against UPS for wrongful discharge and against Local 804 for failure to provide the requested documents.  (*Id.* at 5.) Plaintiff filed the Complaint in this action five days later, on May 16, 2018.  (*Id.*)

---

[12]  In the Amended Complaint, Plaintiff alleges that on or about August 31, 2017, he "submitted his grievance form to [Johnson] and requested copies of all documents that Local Union 804 would be using to defend the Plaintiff and copies of all documents from UPS that would be used against the Plaintiff."  (Am. Compl. 6.)  Defendants contend that Plaintiff mischaracterizes the August 25, 2017 letter to Johnson as a grievance.  (Local 804 Mem. 5 (citing Am. Compl. 6).)

[13]  Plaintiff does not attach any documents concerning the NLRB charges to his Amended Complaint.

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. Documents considered by the Court in deciding the motion

In addition to the Amended Complaint, Local 804 relies on the NMA, the Local

Agreement, the Local 804 Grievance Form, the Panel Grievance Submission Form, the Panel

Decision, and Plaintiff's August 25, 2017 letter to Mark Johnson. (Local 804 Mem. 3–5.) Local

804 argues that the NMA and Local Agreement are integral to Plaintiff's Amended Complaint

because "Plaintiff repeatedly cites certain articles from the [NMA and Local Agreement]" and

"the [NMA and Local Agreement] set forth the terms and conditions of Plaintiff's employment

with UPS." (Local 804 Mem. 3 n.3.) Local 804 also argues that the UPS Grievance Form is

integral "to the Amended Complaint because it was a necessary pre-condition to the arbitration

hearing involving Plaintiff's termination" and further argues that the Panel Grievance

Submission Form is integral to the Amended Complaint because it "framed the issues to be heard

at the hearing." (Local 804 Mem. 3 nn.6–7.) In addition, Defendants argue that "the [Panel

Decision] is 'integral' to the Amended Complaint because it was the final decision as to

Plaintiff's employment with UPS and resolved Local 804's grievance." (Local 804 Mem. 5 n.8.)

Plaintiff does not contest Defendants' reliance on these documents.

"In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to

facts stated on the face of the complaint, in documents appended to the complaint or incorporated

in the complaint by reference, and to matters of which judicial notice may be taken." *Wilson v.

Kellogg Co.*, 628 F. App'x 59, 60 (2d Cir. 2016) (*quoting Allen v. WestPoint–Pepperell, Inc.*,

945 F.2d 40, 44 (2d Cir. 1991)). "To be incorporated by reference, the complaint must make 'a

clear, definite and substantial reference to the documents.'" *Madu, Edozie & Madu, P.C. v.

SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 123 (S.D.N.Y. 2010) (quoting *Helprin v. Harcourt,

Inc.*, 277 F. Supp. 2d 327, 330–31 (S.D.N.Y. 2003)). "Limited quotation does not constitute

incorporation by reference." *Looney v. Black*, 702 F.3d 701, 716 n.2 (2d Cir. 2012) (quoting *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)).

In addition, the court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," or commonly known within the district court's jurisdiction. Fed. R. Evid. 201; *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70–71 (2d Cir. 1998) ("The Federal Rules of Evidence provide that courts may only take judicial notice of facts . . . that are not subject to reasonable dispute . . . [and] caution must be used in determining that a fact is beyond controversy under Rule 201(b)." (citing Fed. R. Evid. 201)).  Examples of judicially noticeable sources include, *inter alia*, court opinions and public filings by and with federal agencies.  *Bristol v. Nassau Cty.*, 685 F. App'x 26, 28 (2d Cir. 2017) (decisions in related state criminal proceedings); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (testimony in an unrelated criminal proceeding); *Int'l Star Class Yacht Racing Ass'n*, 146 F.3d at 70–71 (court opinions); *Kramer v. Time Warner Inc.*, 937 F.2d 767,774 (2d Cir. 1991) (filings with the Securities and Exchange Commission).  If the court takes judicial notice of a document, it does so for its existence, "but not for the truth of the matters asserted." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Glob. Network Commc'ns, Inc.*, 458 F.3d at 157 ("[A]lthough . . . [the] testimony may be public record[] of which a court may take judicial notice, 'it may do so . . . only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion.'" (quoting *Kramer*, 937 F.2d at 774)).

Even where a document is not incorporated by reference, it may be considered by the court if it is integral to the complaint.  *L-7 Designs*, 647 F.3d at 422 ("A complaint is [also]

deemed to include . . . documents that, although not incorporated by reference, are 'integral' to the complaint." (quoting *Sira*, 380 F.3d at 67)); *see also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) ("Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." (first quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); and then citing *Chambers*, 282 F.3d at 153); *Roth*, 489 F.3d at 509 (stating that even if a document is not incorporated by reference, the court may rely upon the document if it is relied upon and "integral" to the complaint). A document is integral to the complaint where the plaintiff (1) has "actual notice" of the document and its information; and (2) has "relied upon the[] documents in framing the complaint." *Chambers*, 282 F.3d at 153 (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). However, "[a] document is not 'integral' simply because its contents are highly relevant to a plaintiff's allegations, but only when it is clear that the plaintiff *relied* on the document in preparing his complaint." *Williams v. City of New York*, No. 14-CV-5123, 2015 WL 4461716, at *2 (S.D.N.Y. July 21, 2015).

The NMA and Local Agreement are incorporated by reference into the Amended Complaint, as Plaintiff explicitly refers to and relies on the provisions of both documents in the Amended Complaint and does not dispute the accuracy or applicability of either agreement. (*See generally* Am. Compl.); *see also Hoops v. KeySpan Energy*, 794 F. Supp. 2d 371, 376–77 (E.D.N.Y 2011) (incorporating by reference a collective bargaining agreement because the plaintiff specifically identified the agreement in the complaint and did not dispute the accuracy or applicability of the agreement which was attached to the defendant's affirmation).

Likewise, Plaintiff's August 25, 2017 letter to Johnson is incorporated by reference and

integral to the Amended Complaint because Plaintiff explicitly refers to and relies upon the letter

in the Amended Complaint in support of his claim that Local 804 breached its duty of fair

representation by failing to produce to him all of the documents he requested in the August 25,

2017 letter.  (Am. Compl. 6–7.); *Nicosia*, 834 F.3d at 234 (finding that the district court correctly

considered certain documents extraneous to the complaint because, although the documents were

not attached to the plaintiff's complaint, the complaint alleged injuries based on the plaintiff's

use of the documents).

In addition, the Local 804 Grievance Form and Panel Grievance Submission Form are

integral to the Amended Complaint.  Although Plaintiff does not specifically identify the Local

804 Grievance Form in the Amended Complaint and instead alleges that Local 804 failed to

process his grievance, (Am. Compl. 5), in his opposition, Plaintiff admits that Local 804

processed his grievance, but argues that it did so in bad faith.  Further, the Local Agreement

requires that a form from the parties (the Panel Grievance Submission Form) agreeing to submit

the grievance to a panel for a binding determination must be submitted before a grievance is

heard.  (Local Agreement 270.)

Lastly, even though Plaintiff does not directly challenge the actual Panel Decision but

instead seeks to vacate the award based on his union's conduct and the fairness of the arbitration

panel system, the Court nevertheless takes judicial notice of the Panel Decision regarding

Plaintiff's grievance and his termination.  *See Caldarera v. Int'l Longshoremen's Assoc., Local

1*, No. 17-CV-1414, 2018 WL 3242269, at *3 (S.D.N.Y. July 3, 2018) ("[C]ourts have regularly

taken judicial notice of arbitration awards upon a motion to dismiss."); *Milk Wagon Drivers &

Dairy Employees v. Elmhurst Daily, Inc.*, 14 F. Supp. 3d 90, 94 (E.D.N.Y. 2014) ("The Court

will accordingly consider the Arbitrator's Decision, which is referred to extensively in the

Petition, and of which the Court may take judicial notice.").

### c. Plaintiff fails to state a claim

The Court liberally construes the Amended Complaint as alleging five claims: (1) a claim for breach of the duty of fair representation under the NLRA; (2) a hybrid section 301/breach of duty of fair representation claim under the LMRA; (3) a claim under the FAA; (4) a claim for violation of a federal criminal statute; and (5) a claim for common law fraud. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (*per curiam*) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." (alteration and internal quotation marks omitted) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007))). As discussed below, Plaintiff has failed to allege sufficient facts to state a plausible claim upon which relief may be granted.

#### i. Duty of fair representation and hybrid section 301/breach of duty of fair representation claims

Plaintiff alleges that Local 804 failed to perform their duty of fair representation and that UPS breached the NMA and the Local Agreement. (*See generally* Am. Compl.)

Defendants argue that Plaintiff's duty of fair representation and hybrid section 301/fair representation claims based on any actions prior to August 31, 2017 are barred by the applicable statute of limitations, and, in any event, are not sufficiently alleged. (Local 804 Mem. 9; UPS Mem. 6–7.)

#### 1. Timeliness of Plaintiff's claims

"A duty of fair representation claim has a six-months' limitations period, and a 'cause of action accrues no later than the time when plaintiffs knew or reasonably should have known that such a breach of the duty of fair representation had occurred, even if some possibility of nonjudicial enforcement remained.'" *Scerba v. Allied Pilots Ass'n*, 589 F. App'x 554, 556 (2d

Cir. 2014) (quoting *Cohen v. Flushing Hosp. and Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995));

*McLeod*, 995 F. Supp. 2d at 143 ("The six-month clock begins to run from the time when the

union member knew or reasonably should have known that a breach of the duty of fair

representation had occurred." (internal quotation marks and citation omitted)). Hybrid claims,

which are claims against an employer and a union, are also subject to a six-month statute of

limitations. *See Staten v. Patrolmen's Benevolent Assoc'n of City of N.Y., Inc.*, 736 F. App'x 17,

18 (2d Cir. 2018) ("There is a six-month statute of limitations for duty of fair representation

claims."); *McLeod v. Verizon N.Y., Inc.*, 995 F. Supp. 2d 134, 142 (E.D.N.Y. 2014) ("[T]he

appropriate statute of limitations for 'hybrid' actions, i.e., cases involving both claims against the

employer under [s]ection 301 and claims against the union for breach of the duty of fair

representation, is six months."); *see also Martinez v. Caravan Transp., Inc.*, 253 F. Supp. 2d 403,

408 (E.D.N.Y. 2003) (same).

The Court declines to determine the timeliness of Plaintiff's claims because, as discussed

below, Plaintiff fails to state a claim.[14]

---

[14] Although Plaintiff alleges that Defendants breached their duty of fair representation on or about "June or July 25, 2017" and on or about August 31, 2017, (Am. Compl. ¶¶ 5–6), making Plaintiff's claims untimely, in his August 25, 2017 letter to Johnson, Plaintiff requested documents from Local 804 concerning his grievance and arbitration, including a copy of the arbitration transcript and evidence presented during the hearing. (Letter to Johnson.) Plaintiff alleges that Local 804 provided some of the documents on February 9, 2018, (Am Compl. 6–7), and appears to argue that the information in these documents enabled him to determine that Local 804 breached its duty of fair representation. Plaintiff commenced this action on May 15, 2018, less than six months after learning the information. Accordingly, based on Plaintiff's allegations and drawing all reasonable inferences in his favor, Plaintiff's claims could arguably be timely. *McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014) (finding that the statute of limitations began to run when the plaintiff received a letter from his union advising him that they were no longer proceeding with the case); *but see Black v. Anheuser*, 220 F. Supp. 3d 443, 450 (S.D.N.Y. 2016) ("[T]he only conceivable breach of the CBA is the alleged wrongful termination of [the plaintiff's] employment on June 14, 2013. [The plaintiff] did not file his [c]omplaint . . . [until] more than six months later. Accordingly, . . . any . . . section 301 breach-of-contract claim . . . is barred by the statute of limitations.").

## 2. Plaintiff fails to state a claim

Plaintiff fails to provide any non-conclusory allegations sufficient to support a claim for breach of the duty of fair representation and therefore he fails to state claims for breach of duty of fair representation and hybrid section 301.

"The duty of fair representation is a 'statutory obligation' under the NLRA, requiring a union 'to serve the interests of all members without hostility or discrimination . . . , to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). "The objective of the duty of fair representation is to provide substantive and procedural safeguards for minority members of the collective bargaining unit." *Flight Attendants in Reunion v. Am. Airlines, Inc.*, 813 F.3d 468, 473 (2d Cir. 2016) (quoting *Jones v. Trans World Airlines, Inc.*, 495 F.2d 790, 798 (2d Cir. 1974)), *cert. denied*, 137 S. Ct. 313 (2016). "A union breaches its duty of fair representation if its actions with respect to a member are arbitrary, discriminatory, or taken in bad faith." *Figueroa v. Foster*, 864 F.3d 222, 229 (2d Cir. 2017) (quoting *Fowlkes*, 790 F.3d at 388); *see also Flight Attendants in Reunion*, 813 F.3d at 473. If a plaintiff shows "that the union's actions meet this standard, the plaintiff must then 'demonstrate a causal connection between the union's wrongful conduct and the plaintiff's injuries.'" *Pathania v. Metro. Museum of Art*, 563 F. App'x 42, 44 (2d Cir. 2014) (alteration omitted) (quoting *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998)). "A court's examination of a union's representation 'must be highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities.'" *Alen v. U.S. Airways, Inc.*, 526 F. App'x 89, 91 (2d Cir. 2013) (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991)). Neither conclusory allegations nor "mere negligence"

by the union in its enforcement of a collective bargaining agreement is sufficient to state a claim.

*Mancus v. The Pierre Hotel*, 45 F. App'x 76, 77 (2d Cir. 2002) (quoting *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 372 (1990)).

A "suit, which alleges that the employer breached the [CBA] and that the union breached its duty of fair representation, is known as a hybrid [section] 301/fair representation claim." *Roy v. Buffalo Philharmonic Orchestra Soc'y, Inc.*, 682 F. App'x 42, 44 (2d Cir. 2017) (quoting *Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000)). Although "[a] plaintiff may sue the union or the employer, or both, [he] must allege violations on the part of both." *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 179 (2d Cir. 2001). A plaintiff must therefore "prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *Nelson v. Local 1181-1061, Amalgamated Transit Union, AFL-CIO*, 652 F. App'x 47, 49 (2d Cir. 2016) (quoting *White*, 237 F.3d at 178).

### A. Plaintiff fails to allege that UPS acted arbitrarily, discriminatorily, or in bad faith

Accepting as true Plaintiff's allegations in the Amended Complaint that Local 804 did not "invoke" Article 7 of the NMA,[15] and his allegations in his opposition to the motion that Local 804's action in processing the grievance was in bad faith, Plaintiff fails to plead how this alleged failure to process or the processing of the grievance was arbitrary, discriminatory, or in

---

[15] Plaintiff alleges that, on or about July 25, 2017, August 31, 2017, or February 9, 2018, Local 804 failed "to process Plaintiff's grievance in accordance with Article 18, section 1(e)" of the Local Agreement and "failed to invoke Article 7, of the [NMA] that the Plaintiff's employer discharged him in violation of Article 12, [s]ections (1) [and] (2), of the [Local Agreement]." (Am. Compl. ¶ 5.) In his opposition, Plaintiff admits, in contradiction to the allegations in the Amended Complaint, that Local 804 did process Plaintiff's grievance pursuant to Article 7 and argues instead that the grievance was processed in bad faith and that he should have been allowed to remain on the job with pay in accordance with Article 7. (Pl. Opp'n 2; Pl. Suppl. Opp'n to Local 804 Mot. and UPS Mot. ("Pl. Suppl. Opp'n") 2, Docket Entry No. 34.)

bad faith.  Plaintiff states only that Local 804 did not include in its opening statement during

Plaintiff's arbitration that UPS violated Plaintiff's right to remain on the job with pay pending

his arbitration pursuant to Article 12 of the Local Agreement.  (Pl. Opp'n 2.)  Plaintiff does not

plead how the alleged failure to process his grievance, the processing of his grievance, or the

failure to include the specific information in the opening statement was arbitrary, discriminatory,

or, as Plaintiff alleges, in bad faith.  *See Messina v. 1199 SEIU United Healthcare Workers E.*,

453 F. App'x 25, 27 (2d Cir. 2011) (holding the duty is not breached "where the union fails to

process a meritless grievance, fails to process a grievance due to error in evaluating its merits,

engages in mere negligent conduct or errors in judgment, or decides not to arbitrate a grievance."

(citations omitted)); *Barr v. United Parcel Serv.*, 868 F.2d 36, 43–44 (2d Cir. 1989) ("Tactical

errors are insufficient to show a breach of the duty of fair representation; even negligence on the

union's part does not give rise to a breach.").

     Nor has Plaintiff sufficiently alleged that Defendants engaged in a conspiracy to violate

his rights.  Although Plaintiff throughout his Amended Complaint alleges that Defendants

conspired to violate his rights, Plaintiff provides no factual allegations in support of the alleged

conspiracy.  *See Barr*, 868 F.2d at 43 ("In order to have prevailed against the union, [the

plaintiff] would had to show either that the conspiracy existed or that these tactical decisions . . .

amounted to conduct and omissions so egregious, so far short of minimum standards of fairness

to the employee and so unrelated to legitimate union interests as to be arbitrary." (citation and

internal quotation marks omitted)).

### B.  Plaintiff fails to state a claim for Local 804's failure to produce all documents requested

     Plaintiff also fails to state a claim against Local 804 for its alleged breach of the duty of

fair representation after "Plaintiff discovered that [Local 804] had failed to produce [to him] all

the requested documents," as this dispute is an internal matter between Plaintiff and Local 804 and is therefore not a cognizable claim for breach of the duty of fair representation. (Am. Compl. 7.)

"Importantly, the duty of fair representation arises when the union, employee and employer are involved." *Greenberg v. Int'l Union of Operating Eng'rs, Local 14-14B*, 588 F. App'x 5, 8 (2d Cir. 2014) (citing *Price v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 927 F.2d 88, 90 (2d Cir. 1991)). "Thus, a matter that only involves 'the relationship between the union and its members and does not also involve the employer is viewed as an internal union matter that does not give rise to a duty of fair representation.'" *Id.* (quoting *Ass'n of Contracting Plumbers v. Local Union No. 2*, 841 F.2d 461, 469 (2d Cir. 1988) (internal quotation marks omitted))).

Plaintiff's request for documents from Local 804 is an internal union matter that did not involve UPS. Therefore, Local 804's alleged failure to produce all requested documents to Plaintiff after his termination and arbitration hearing does not give rise to a breach of the duty of fair representation claim.[16] *See id.* (finding the union's assurances to member as to where he would work, which did not involve the employer, were internal union matters that did not give rise to a claim for breach of the duty of fair representation).

### C. Plaintiff fails to state a hybrid claim

Plaintiff's claim against UPS also fails because he fails to allege that Local 804 breached

---

[16] Local 804 argues that Plaintiff's claim for Local 804's failure to produce documents is not cognizable because it did not owe a duty of fair representation to Plaintiff after his termination on July 25, 2017. (Local 804 Mem. 10–11.) Because the Court finds that Plaintiff fails to state a claim, the Court declines to decide whether Local 804 owed any duty of fair representation to Plaintiff after his termination.

its duty of fair representation, a necessary element of a hybrid claim.  *See Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000) ("The employee may sue the employer, the union, or both in a hybrid [section] 301/fair representation claim; to prevail the employee 'must not only show that [his] discharge was contrary to the contract, but must also carry the burden of demonstrating breach of duty by the Union.'" (quoting *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 165 (1983))); *see also Black v. Anheuser-Busch In Bev*, 220 F. Supp. 3d 443, 449 (S.D.N.Y. 2016) ("An employee's claim against his employer for breach of a collective bargaining agreement can therefore proceed only if the employee's union violated its duty of fair representation." (quotations and citations omitted)); *Tomney v. Int'l Ctr. for the Disabled*, 357 F. Supp. 2d 721, 738 (S.D.N.Y. 2005) ("It is well-settled that an employee may maintain a breach of contract action based upon a CBA directly against the employer only if 'the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.'" (quoting *Vaca v. Sipes*, 386 U.S. 171, 186 (1967))).

Accordingly, Plaintiff fails to state a duty of fair representation or a hybrid section 301/fair representation claim against Local 804 and UPS.  The Court therefore dismisses these claims.

### ii.    Federal Arbitration Act claim

Plaintiff alleges that Local 804 and UPS "conspired . . . to violate [Plaintiff's] rights under Article 18, Section 1(e) of the CBA, in violation of the Federal Arbitration Act 9, U.S.C. 10(a)(1)" by "tampering with a witness, tampering [with] physical evidence, with-holding evidence, and conspiracy."  (Am. Compl. 5.)

Local 804 argues that Plaintiff does not have standing to bring a claim under the FAA.

(Local 804 Mem. 16.)  Local 804 and UPS also argue that Plaintiff's claim under the FAA must be dismissed because Plaintiff does not adequately allege a section 301 claim and, in any event, Plaintiff fails to allege specific facts showing that the Panel Decision "was procured by corruption, fraud, or undue means."  (UPS Mem. 11; Local 804 Mem. 16.)

"To ensure that 'the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation' are met, arbitration awards are subject to 'very limited review.'"  *NYKCool A.B. v. Pac. Fruit, Inc.*, 507 F. App'x 83, 85 (2d Cir. 2013).  "[A]s a general matter, a court is required to enforce the arbitration award as long as there is a 'barely colorable justification for the outcome reached.'"  *Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016) (quoting *Banco Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003)).

Section 10(a)(1) of the FAA permits courts to vacate an arbitration award "where the award was procured by corruption, fraud, or undue means."  9 U.S.C. § 10(a)(1); *see Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004) ("The FAA sets forth certain grounds upon which a federal court may vacate an arbitral award, but all of [these] involve corruption, fraud, or some other impropriety on the part of the arbitrators." (citation and internal quotation marks omitted)).  "It is well established that courts must grant an arbitration panel's decision great deference.  A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."  *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003); *see also Hamerslough v. Hipple*, No. 10-CV-3056, 2012 WL 5290318, at *3 (S.D.N.Y. Oct. 25, 2012) ("Vacatur of arbitral awards is extremely rare, and justifiably so.")  "In addition, as judicial gloss on the[se] specific grounds for vacatur of arbitration awards [enumerated in the

FAA] . . . [the] court may set aside an arbitration award if it was rendered in manifest disregard of the law." *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011) (citation and internal quotation marks omitted). "A court may vacate an arbitral award on this ground only if the court 'finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'" *Zurich American Insurance Co. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016) (quoting *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004)).

Assuming, without deciding, that Plaintiff has standing to challenge the arbitration award under the FAA, Plaintiff's claim fails. Although Plaintiff alleges that Defendants tampered with a witness, Plaintiff fails to identify the witness or the value of the witness' testimony during the arbitration hearing. Plaintiff also fails to identify what physical evidence was tampered with or withheld, and makes no allegations as to any governing legal principal or laws that the Panel ignored.

In addition, the Court's finding that Plaintiff fails to plead a claim that Local 804 breached its duty of fair representation provides an additional reason for the Court not to disturb the Panel Decision. *See Barr*, 868 F.2d at 43 (vacating a jury verdict in favor of the plaintiff because "insufficient evidence exists to support [the plaintiff's] claim that Local 804 breached its duty of fair representation" and thus "[the arbitral] award may not be disturbed"). Plaintiff's conclusory allegations that Local 804 and UPS conspired to violate his rights by tampering with a witness and withholding evidence, without more, fail to state a plausible claim justifying

vacatur of the arbitration award.[17] *See Nicholls v. Brookdale Univ. Hosp. and Medical Center*,

204 F. App'x 40, 43 (2d Cir. 2006) (dismissing the plaintiff's claim for failure to state a claim,

despite the plaintiff's allegations that "the arbitrator manifestly disregarded the law," because the

plaintiff "does not identify any specific law which she believes the arbitrators disregarded in

deciding her claim, and [the plaintiff's] case does not involve an 'egregious impropriety'").

### iii.    Criminal law claim

Plaintiff alleges that Defendants "defrauded its members of salary as defined in 18 U.S.C.

§1001(a)(1)." (Am. Compl. 6.)  Defendants argue that Plaintiff, as a private citizen, cannot

enforce criminal laws.  (Local 804 Mem. 18; UPS Mem. 11–12.)

Section 1001(a)(1) provides that:

> (a) Except as otherwise provided in this section, whoever, in any
> matter within the jurisdiction of the executive, legislative, or judicial
> branch of the Government of the United States, knowingly or
> willfully — (1) falsifies, conceals, or covers up by any trick, scheme,
> or device a material fact; (2) makes any materially false, fictitious,
> or fraudulent statement or representation; or (3) makes or uses any
> false writing or document knowing the same to contain any
> materially false, fictitious or fraudulent statement or entry; shall be
> fined under this title, [or imprisoned].

18 U.S.C. § 1001(a).  "Section 1001 criminalizes false statements and similar misconduct

occurring 'in any matter within the jurisdiction of any department or agency of the United

---

[17]    In his supplemental opposition to Defendants' motion to dismiss, Plaintiff argues that
"the Local 804 Union and UPS Panel system . . . is being used by UPS and Local 804 Union to
wrongfully discharge employees without giving an explanation as to why the Panel[] agreed to
deny the Plaintiff's grievance." (Pl. Suppl. Opp'n 2.)  Plaintiff contends that he "was lead [sic]
to believe that the Arbitrator would be the one to decide his grievance and not the Panel
members." (*Id.*)  The Local Agreement specifically provides that grievances are to be heard by
an equal number of representatives from UPS and Local 804, and, "in discharge and suspension
cases, an impartial arbitrator shall hear the case with the UPS and Local 804 Panel members and
cast the deciding vote in the event of a deadlock." (Local Agreement 246.)  Plaintiff does not
allege that the Panel was deadlocked on Plaintiff's grievance.  As a result, there was no need for
an impartial arbitrator to cast the deciding vote.

States.'" *Hubbard v. United States*, 514 U.S. 695, 699 (1995). The statute is a criminal statute with no "explicit evidence of Congressional intent" to create a private cause of action. *See Cenzon-DeCarlo v. Mount Sinai Hosp.*, 626 F.3d 695, 697 (2d Cir. 2010) ("Federal courts have inferred private rights of action, but only when there is explicit evidence of Congressional intent."); *see also Zito v. NYC Office of Payroll Admin*, No. 11-CV-2779, 2011 WL 5420054, at *3 (S.D.N.Y. Nov. 9, 2011) ("A private right of action will not be implied without 'explicit evidence of Congressional intent.'" (quoting *Cenzon-DeCarlo*, 626 F.3d at 697)). Where "there is no explicit evidence of Congressional intent" to create a private cause of action, a private citizen cannot enforce this federal criminal law. *See Momot v. Dziarcak*, 208 F. Supp. 3d 450, 460 (N.D.N.Y. 2016) ("Courts examining [section 1001(a)] have concluded that [section 1001(a)] contains no implied right of a civil action."); *see also Federal Sav. & Loan Ins. Co. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987) (finding no private cause of action in section 1001 because "there is no affirmative indication that Congress intended to furnish civil remedies); *Johl v. Johl*, 556 F. Supp. 5, 7 (D. Conn. 1981) ("It is clear that [Section 1001] cannot serve to provide the plaintiff, a private citizen, with a cause of action in this civil case."). As a private citizen, Plaintiff cannot enforce this law. The Court therefore dismisses Plaintiff's section 1001 claim.

### iv. Common law fraud claim

Plaintiff alleges that Local 804 and Defendant Villalta "promised [the] members upon being elected into office to serve as their union president" and that Villalta stated that his "top priority is to provide the best possible representation for each and every member of the local 804." (Am. Compl. 6.) Plaintiff further alleges that Local 804 and Villalta "are not providing the best representation" and are therefore "committing fraud to deprive members out of their

22

salary and union dues." (*Id.*)

Local 804 argues that Villalta's statement is a "nonactionable statement of opinion." (Local 804 Mem. 17.)

 "To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015); *see Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006) (stating the elements of fraud under New York law). Pleadings for common law claims premised on fraud are "subject to the particularity pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Putnam Advisory Co.*, 783 F.3d at 402–03 (internal quotation marks omitted) (citing *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004)). "Rule 9(b) requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25–26 (2d Cir. 2016) (quoting Fed. R. Civ. P. 9(b)).

Plaintiff fails to state with particularity the circumstances surrounding the allegedly fraudulent statement. Plaintiff does not state when the statement was made, where the statement was made, or under what circumstances the statement was made. Moreover, Villalta's statement that it was Local 804's "top priority . . . to provide the best possible representation," (Am. Compl. 5–6), is a statement of opinion or puffery that cannot form the basis of a fraud claim. *See*

*Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 208 (E.D.N.Y. 2010) ("Statements that are 'expression[s] of opinion,' rather than of fact, have been labeled as 'mere puffing' that cannot form the basis of a fraud claim."); *id.* (finding promises that the defendant's product was "state of the art" and "would provide compliance 'at a previously unimaginable level'" to be mere puffery). Accordingly, the Court dismisses Plaintiff's fraud claim.

### v. Leave to amend

Plaintiff seeks leave to file a second amended complaint, arguing that he "discovered several inconsistencies which needed to be addressed." (Pl. Mot. to Amend ("Pl. Mot."), Docket Entry No. 35.) In his proposed second amended complaint, Plaintiff asserts claims only against Local 804 and UPS. (*Id.*)

Local 804 argues that allowing Plaintiff to file the proposed second amended complaint would be futile because Plaintiff alleges no new facts or claims. (Local 804 Letter dated Oct. 16, 2018, Docket Entry No. 36.)

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283). However, motions to amend "should generally be denied in

instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008); *Monahan*, 214 F.3d at 283.

The proposed second amended complaint does not contain allegations sufficient to state a plausible claim against Local 804 for breach of its duty of fair representation. (*See generally* Proposed Second Amended Complaint.)  In addition, as discussed above, because Plaintiff cannot assert a hybrid section 301 claim against UPS without establishing Local 804's breach of its duty of fair representation, the allegations in the proposed second amended complaint are also insufficient to state a claim against UPS.

Moreover, although Plaintiff attempts to bring a claim under the FAA in the proposed second amended complaint, Plaintiff fails to identify the witness or the value of the witness' testimony during the arbitration hearing, what physical evidence was tampered with or withheld, and makes no allegations as to any governing legal principal or laws that the Panel ignored.  The Court therefore denies Plaintiff's motion for leave to file the proposed second amended complaint.[18]

The Court grants Plaintiff leave to file a corrected, proposed second amended complaint as to the duty of fair representation, hybrid section 301, FAA, and fraud claims.  The corrected, proposed second amended complaint should specify how Local 804 breached its duty of fair representation and how the Grievance Panel failed to follow any governing legal principles or

---

[18]  Plaintiff's proposed second amended complaint does not include a claim for fraud.  In addition, although Plaintiff again brings a claim under section 1001 of Title 18 of the United States Code, because there is no private cause of action under this statute, Plaintiff cannot bring this claim.

laws.  Plaintiff should also explain how Villalta's statement constitutes fraud.  Plaintiff is advised that a second amended complaint completely replaces the prior complaint filed in this action and must be captioned "Second Amended Complaint" and bear the same docket number as this Memorandum and Order.  The Court will review the proposed, corrected second amended complaint to determine whether it complies with the legal requirements.  If the Court determines that Plaintiff's proposed, corrected second amended complaint fails to state a claim, the Court will not allow its filing and will direct the Clerk of Court to close this case.

## III.  Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's Amended Complaint in its entirety for failure to state a claim on which relief may be granted and declines to allow Plaintiff leave to file the proposed second amended complaint.  The Court, however, grants Plaintiff leave to file a corrected, proposed second amended complaint within thirty (30) days of this Memorandum and Order.

Dated:  March 1, 2019
       Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge